## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**RONALD CHISOM, et al.,**                  **CIVIL ACTION**
    **Plaintiffs**

**VERSUS**                                  **No. 86-4075**

**EDWIN EDWARDS, et al.,**                 **SECTION "E"**
    **Defendants**

### ORDER AND REASONS

Before the Court is a Motion to Intervene[1] filed by the Supreme Court of the State of Louisiana (the "Supreme Court"). The Supreme Court, as an arm of the State of Louisiana ("State"), does not possess juridical capacity to sue or be sued. As a result, its Motion to Intervene must fail. Because the State is a party in this action, the Supreme Court will be allowed to participate in this action only through the State.

### Background

This case was originally filed in this Court in September 1986, almost twenty-six years ago. The original complaint was brought on behalf of a putative class consisting of all Black registered voters in Orleans Parish against Edwin Edwards, in his capacity as Governor of the State of Louisiana, James H. Brown, in his capacity as Secretary of State of the State of Louisiana, and Jerry M. Fowler, in his capacity as Commissioner of Elections of the State of Louisiana. The plaintiffs alleged that La. Rev. Stat. Ann. § 13:101 violated the Voting Rights Act of 1965, 42 U.S.C. § 1973, and the Fourteenth and Fifteenth Amendments to the United States Constitution, and requested declaratory relief and prospective injunctive relief against the defendants in their capacities as representatives of the State. A Consent Judgment signed by Edwin W. Edwards as Governor, Richard P. Ieyoub as

---

[1] R. Doc. 176.

Attorney General, and others, was approved on August 21, 1992.  An amendment to the Consent Judgment was signed by M. J. "Mike" Foster, Jr., as Governor, and by a representative of the Office of the Attorney General, and approved by the Court on January 3, 2000.  In the Consent Judgment the defendants, representing the State, agreed to take all actions necessary to bring the election of Supreme Court Justices into compliance with the Voting Rights Act, and the State agreed to seek preclearance from the United States Department of Justice for "all changes affecting voting covered by Section 5 that are necessary to effectuate a full remedy and comply with this consent judgment."[2]

Justice Bernette Johnson ("Justice Johnson") was granted leave to intervene on October 3, 1997.[3]  On July 5, 2012, Plaintiff-Intervenor Justice Johnson filed "Motions: (1) To Reopen Case, (2) To Join as Defendants Justices Kimball, Victory, Knoll, Weimer, Guidry and Clark of the Louisiana Supreme Court, (3) For Contempt Against Justices Kimball, Weimer, Guidry and Clark."[4]  Ronald Chisom, Marie Bookman, and Marc Morial (collectively, the "Chisom Plaintiffs) filed a similar pleading on July 10, 2012.[5]  On July 18, 2012, Justice Johnson and the Chisom Plaintiffs filed a motion to stay, seeking an Order from this Court staying proceedings already underway in the Supreme Court.[6]  On July 19, 2012, this Court held a status conference in this matter, during which counsel designated by the Office of the Louisiana Attorney General to represent the Supreme Court

---

[2] R. Doc. 120.

[3] *See* R. Doc. 130.

[4] *See* R. Doc. 137.

[5] R. Doc. 146.

[6] R. Doc. 159.

participated, along with Executive Counsel for the Governor, counsel for the Chisom Plaintiffs, counsel for Justice Johnson, and others.[7]

At the July 19, 2012 status conference, the Court made clear that the State and/or the Attorney General had until July 24, 2012 to file ex parte motions to enroll counsel and/or to file any contradictory motions to intervene on behalf of the State, the Supreme Court, or the Justices of the Supreme Court, and that the deadline for filing any opposition to any motions to intervene must be filed by July 25, 2012.

### The Supreme Court's Motion to Intervene

On July 24, 2012, counsel representing the Supreme Court as special counsel appointed by the Attorney General filed a motion requesting that the Supreme Court be allowed to intervene as a matter of right,[8] pursuant to Federal Rule of Civil Procedure 24(a).[9]  On July 25, Justice Johnson filed her opposition to the Motion to Intervene.[10]  On July 26, 2012, the Chisom Plaintiffs filed an untimely opposition to the Motion to Intervene, adopting Justice Johnson's arguments as their own.[11]  On July 27, 2012, counsel for the Supreme Court filed a reply to Justice Johnson's opposition.[12]

---

[7] R. Doc. 165 (Minute Entry from July 19, 2012 Status Conference).

[8] *See* R. Doc. 176.  Justice Johnson, one of the seven Justices of the Supreme Court, is already a party in this matter in her role as plaintiff-intervenor.  None of the other six current Justices of the Supreme Court has sought to intervene in this matter.

[9] Rule 24(a) provides: "On timely motion, the Court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

[10] R. Doc. 177.

[11] R. Doc. 179.

[12] R.Doc. 180.

Because the Court finds that, in the context of this proceeding, the Supreme Court does not possess the juridical personality necessary to intervene as a party to this action, it need not address the requirements of Federal Rule of Civil Procedure 24(a) regarding intervention.

### For Purposes of this Proceeding, the Supreme Court is Not a Juridical Person and Is Incapable of Suing or Being Sued in its Own Name

Justice Johnson argues that the Supreme Court is not a juridical person under Louisiana law, and therefore, is not capable of participating as a legal party to this litigation. The Supreme Court responds that it does possess the capacity to sue and be sued under Louisiana law as head of one of three separate branches of government established by Article 2, Section 1 of the Louisiana Constitution of 1974.  The Supreme Court's reasoning is that it is a juridical person because: first, in the past it has been sued as a party defendant by the Twenty-First Judicial District Court of the State of Louisiana; second, the United States Court of Appeals for the Fifth Circuit has recognized the Supreme Court as a party in litigation; third, the Eastern District of Louisiana has recognized and treated the Supreme Court as a party in numerous cases;  fourth, plaintiff-intervenor Justice Johnson has conceded that the Supreme Court is a juridical person because she asked the Court to stay any actions in furtherance of the Supreme Court's June 13, 2012 Order; fifth, the Court recognized the Supreme Court could intervene in the status conference held on July 19, 2012; and, sixth, the Supreme Court was allowed to file an *amicus* brief in a proceeding in the United States Supreme Court.

Rule 17(b) of the Federal Rules of Civil Procedure instructs that "capacity to sue or be sued shall be determined . . . by the law of the state in which the district court is held."

Fed. R. Civ. P. 17(b).  Furthermore, if a proposed intervenor lacks legal capacity to sue or be sued under state law, intervention is not permissible.  *See, e.g. Biance v. Lemieux,* No. 11-429, 2012 WL 1466517 (D.Me. Apr. 27, 2012) (denying motion to intervene on grounds that the proposed intervenor, an LLC that had been dissolved and cancelled under New Hampshire law, lacked capacity to sue); *compare Huntington Nat'l Bank v. Caroll,* No. 12-7, 2012 WL 2466968 (N.D.W.Va. Jun. 27, 2012) (granting motion to intervene under Rule 24(b) only after holding that the proposed intervenor possessed legal capacity under West Virginia law).  Therefore, the Court must determine, as an initial matter, whether the Supreme Court has the legal capacity to sue or be sued such that it is capable of intervening in this action.

Under Louisiana law, an entity must qualify as a "natural person" or a "juridical person" to possess the capacity to sue or be sued.  *See, e.g., Dugas v. City of Breaux Bridge Police Dep't,* 99-1320 (La. App. 3 Cir. 2/2/00); 757 So.2d 741, 743.  It is clear that the Supreme Court is not a natural person.  A juridical person is "an entity to which the law attributes personality, such as a corporation or partnership."  La. Civ. Code. ann. art. 24.  Comment (d) to article 24 also provides that "the capacity of a juridical person is governed by provisions in its charter, governing legislation, and customs."  La. Civ. Code. Ann. art. 24, cmt. (d).  "[I]n the absence of law providing that an entity may sue or be sued, the entity lacks such capacity." *Dantzler v. Pope*, No. 08-3777, 2009 WL 959508, *1 (E.D.La. Apr. 3, 2009) (Africk, J.) (citing *City Council of Lafayette v. Bowen*, 94-584 (La. App. 3 Cir. 11/2/94); 649 So.2d 611).

In *Roberts v. Sewerage & Water Bd. of New Orleans,* the Supreme Court set forth the framework for determining whether an entity qualifies as a juridical person and, as a

result, has the capacity to sue and be sued:

> The important determination with respect to the juridical status or legal capacity of an entity is not its creator, nor its size, shape, or label.  Rather the determination that must be made in each particular case is whether the entity can appropriately be regarded as an additional and separate government unit for the particular purpose at issue. In the absence of positive law to the contrary, a local government unit may be deemed to be a juridical person separate and distinct from other government entities, when the organic law grants it the legal capacity to function independently and not just as the agency or division of another governmental entity.

92-2048 (La. 3/21/94); 634 So.2d 341, 346.  Where there is no constitutional or statutory authority for the entity to sue or be sued, that entity is without capacity to be sued under the *Roberts* analysis.  *Green v. District Attorney Office,* No. 08-3685, 2009 WL 651132, *4 (E.D.La. Mar. 10, 2009) (Feldman, J.) (citing *Bowen,* 649 So.2d at 613–616).  With this in mind, an examination of the Supreme Court's arguments and an analysis under *Roberts* is in order.

**First**, the Supreme Court argues that it was sued as a party defendant by a state judicial district in *Twenty-First Judicial District Court v. State* and the Supreme Court responded to the suit rather than claiming that it had no legal capacity to be sued. 548 So. 2d 1208 (La. 1989).  The Supreme Court points to the fact that "nowhere in the Supreme Court's decision did the Court hold it was not a 'juridical entity' and thus not capable of being a party."[13]  In *Twenty-First Judicial District Court*, the Supreme Court dismissed the claims against itself on the ground that it had the inherent power to make the administrative decisions complained of by the lower court.  548 So.2d at 1209.  The

---

[13] R. Doc. 180 at p. 2.

Supreme Court did not raise its own capacity to be sued as a defense.  *Id.*  Instead, the Supreme Court chose not to address the issue and to defend, and prevail, on other grounds.

The Supreme Court now argues that this amounted to a ruling by the Supreme Court that the Supreme Court has the legal capacity to sue and be sued.  Because capacity to sue and be sued is determined by state law, a Supreme Court case  directly ruling on point would be binding on this Court.  No such ruling exists.  The Supreme Court would have this Court interpret the Supreme Court's decision not to assert a defense of lack of judicial capacity as a positive ruling by the Supreme Court that it has judicial capacity.  It is unlikely that the Supreme Court would find this reasoning persuasive in other contexts.

The Supreme Court's opinion in *Twenty-First Judicial District Court* did not address its own capacity to sue or be sued under Louisiana Civil Code article 24.  This Court finds that the Supreme Court's failure to raise lack of capacity as a defense is not sufficient to constitute a controlling Supreme Court ruling that the Supreme Court has capacity. Furthermore, this Court's research has revealed no other case in which the Supreme Court has ruled on its own capacity to sue  or be sued.  Because the Supreme Court has not directly addressed the issue, this Court must determine, using Louisiana law, whether the Supreme Court is a juridical person.

**Second**, the Supreme Court argues that, because the United States Court of Appeals for the Fifth Circuit has recognized the Supreme Court "as a party in litigation," the Fifth Circuit has found that the Supreme Court has juridical personality.  In support of this position, the Supreme Court cites cases in which the Supreme Court was a party but in which the issue of whether the Supreme Court had juridical personality was never argued or decided.  Rather, the cases cited by the Supreme Court were decided on other grounds.

In fact, the Fifth Circuit has routinely dismissed claims against the Supreme Court because it is a branch or arm of the State entitled to the same sovereign immunity protection under the Eleventh Amendment as the State.  The Fifth Circuit has recognized "it is well established that the Eleventh Amendment protects state supreme courts." *Southern Christian Leadership Conf. v. Supreme Court of the State of La.*, 252 F.3d 781, 783 n.2 (5th Cir. 2001) (citing *Landers Seed Co., Inc. v. Champaign Nat. Bank*, 15 F.3d 729, 731-32 (7th Cir. 1994) (Illinois Supreme Court is protected by Eleventh Amendment)); *see also Clark v. Clark*, 984 F.2d 272, 273 (8th Cir. 1993) (Iowa Supreme Court); *Cuffeld v. Supreme Court of Pa.*, 936 F. Supp. 266, 272-73 (E.D.Pa. 1996 (Pennsylvania Supreme Court); *Crenshaw v. Supreme Court of Ind.*, 170 F.3d 725, 727 (7th Cir. 1999) (Indiana Supreme Court); *Rothstein v. Mont. Supreme Court*, 638 F. Supp. 1311, 1312 (D.Mont. 1986) (Montana Supreme Court); *Louis v. Supreme Court of Nev.*, 490 F. Supp. 1174, 1180 (D.C.Nev. 1980) (Nevada Supreme Court); *Campbell v. Washington State Bar Ass'n*, 263 F. Supp. 991, 992 (D.C.Wash. 1967) (Washington Supreme Court).

Following this precedent, in *Jefferson v. Louisiana Supreme Court*, the Fifth Circuit affirmed the dismissal of Section 1983 civil rights claims against the Supreme Court because, as an arm of the State, the Supreme Court is  entitled to the protections of the Eleventh Amendment.  46 Fed. Appx. 732, *1 (5th Cir. 2002) (unpublished).  In *Mahogany v. Louisiana State Supreme Court*, the Fifth Circuit affirmed the dismissal of a *pro se* prisoner's Section 1983 civil rights claims against the Supreme Court on the grounds of Eleventh Amendment immunity.  262 Fed. Appx. 636, at *1 (5th Cir. 2008) (unpublished). In *Zohdy v. Plattsmier*, the Fifth Circuit affirmed the dismissal of a lawyer's Section 1983 civil rights claims against the Supreme Court, again citing the Supreme Court's sovereign

immunity under the Eleventh Amendment.   192 Fed. Appx. 313, at *1 (5th Cir. 2006) (unpublished).

Furthermore, the Supreme Court in numerous cases has successfully argued that it is an alter ego - "a person regarded and treated as another version of one's self"[14] -  of the State, that it should be entitled to the same immunities as the State, and that, for purposes of liability, that it is not an entity separate and distinct from the State itself.  *See Lewis v. La. State Bar Ass'n*, 792 F.2d 493, 497 (5th Cir. 1986); *LeClerc v. Webb*, 270 F. Supp. 2d 779, 790 (E.D.La. 2003), *aff'd* 419 F.3d 405 (5th Cir. 2005), *cert. denied* 551 U.S. 1158, 127 S. Ct. 3000, 168 L.E.2d 751 (2007); *Hecker v. Plattsmier*, No. 08-4200, 2009 WL 4642014 (E.D.La. Nov. 25, 2009) (Berrigan, J.); *Jones v. First Bank & Trust*, No. 10-939, 2010 WL 2836150 (E.D.La. July 16, 2010) (Berrigan, J.); *and Zohdy v. Plattsmier*, 192 Fed. Appx. 313 (5th Cir. 2006).

In a motion to dismiss the plaintiff's claims in *Zohdy*, the Supreme Court argued that "[u]nder the Eleventh Amendment . . .  Zohdy's claims are barred against . . . the Supreme Court of Louisiana since this is a suit against a state by a citizen of a state."  No. 05-305 (M.D. La. 2005), R. Doc. 10. In *Hecker*, the Supreme Court argued that "suits filed against the Louisiana Supreme Court are barred on 11th Amendment Immunity grounds" and that "[t]he amendment is not evaded by suing state employees in their official capacities, since such an indirect pleading device remains in essence a claim upon the state."  No. 08-4200 (E.D. La. 2009), R. Doc. 35.  In *Jones*, the Supreme Court argued that "the suit against the justices, the legislature, and the Governor and its departments and staff is, in reality, a suit

---

[14] Oxford English Dictionary Online, http://www.oed.com (last visited August 6, 2012).

against the state . . . therefore, like the state, they are entitled to absolute immunity."  No. 10-939 (E.D. La. 2010), R. Doc. 69.

The Supreme Court cites *Southern Christian Leadership Conf. v. Supreme Court of State of La.,* in its own brief arguing that the Fifth Circuit affirmed the dismissal of claims against the Supreme Court in that case not because the Supreme Court is an arm of the State but because the plaintiffs failed to state a viable claim under the First Amendment. 252 F.3d 781 (5th Cir. 2001), *cert. denied*, 534 U.S. 995, 122 S. Ct. 464, 151 L.E.2d 381 (2001).  For whatever reason, the Supreme Court in *Southern Christian Leadership* did not raise the defense that, as an arm of the State, it was entitled to Eleventh Amendment sovereign immunity, but the Fifth Circuit clearly would have granted immunity to the Supreme Court if asked.  252 F.3d at 783 n. 2 ("Although it is well established that the Eleventh Amendment protects state supreme courts, the only defendant in this case is 'the Supreme Court of the State of Louisiana.' But, the LSC has refrained from advancing any argument that the Eleventh Amendment bars suit at this stage of the case, even after inquiry at oral argument.") (internal citation omitted).  The Fifth Circuit did not pursue the Eleventh Amendment issue any further, and affirmed the dismissal of the claims against the Supreme Court on the merits.  The Supreme Court is free to waive its Eleventh Amendment immunity as it sees fit, but that does not mean that the Supreme Court is not entitled to sovereign immunity or that it has the capacity to sue and be sued.  The United States Supreme Court has held that, while the Eleventh Amendment provides states with a sovereign immunity, it is not a "nonwaiveable limit on the Federal Judiciary's subject-matter jurisdiction," and Courts are not precluded from exercising jurisdiction over a defendant that might be able to assert Eleventh Amendment immunity if that defendant

does not wish to utilize the shield of that immunity.  *See  Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267, 117 S. Ct. 2028, 2033, 138 L.Ed.2d 438 (1997).

The Supreme Court's statement that the Fifth Circuit "recognized" it as a party to litigation, and that this means that the Supreme Court has juridical personality, is not persuasive.  This Court finds no decision of the Fifth Circuit holding that the Supreme Court has legal capacity to sue or be sued.   Instead, the Court finds ample Fifth Circuit jurisprudence conferring sovereign immunity on the Supreme Court as an arm of the State.  The decision to grant Eleventh Amendment immunity to a governmental body is based, in part, on the fact that the entity does not have the capacity to sue or be sued.  Thus, a decision that the Supreme Court is entitled to Eleventh Amendment immunity is based, in part, on the fact that the Supreme Court does not have the capacity to sue and be sued in its own right.[15]

**Third**, the Supreme Court argues that, because the United States District Court for the Eastern District of Louisiana has "recognized and treated the Louisiana Supreme Court *as a party*"[16] in numerous cases, this Court is required to find that the Supreme Court has juridical capacity.   However, this Court's review reveals that the issue of the Supreme Court's legal personality was never at issue in the Eastern District Court cases cited.  In

---

[15] In determining whether a governmental entity is an arm of the State entitled to Eleventh Amendment protection, the Fifth Circuit has found the capacity to sue and be sued is a relevant factor in the balancing test for determining whether the "state is the real, substantial party in interest" in an action, even though another state agency or other governmental entity was named as defendant.  *See Cozzo v. Tangipahoa Parish Council-President Gov't*, 279 F.3d 273, 281 (5th Cir. 2002) (citing *Hudson v. City of New Orleans*, 174 F.3d 677, 681 (5th Cir. 1999)).  A finding that the Supreme Court lacks such capacity is an indication that a suit against the Supreme Court "is in reality a suit against the state itself" and that the entity or agency should be entitled to the same Eleventh Amendment immunity protection as the state.  *Id*.

[16] R. Doc. 180 at p. 3 (emphasis in original).

*O'Dwyer v. La.*, Judge Berrigan affirmed a Magistrate Judge's holding that the Supreme Court could not be added as a party in a federal civil rights lawsuit by a former Louisiana attorney because the plaintiff's claims were barred by the Eleventh Amendment.  582 F. Supp. 2d 789, 792-93 (E.D.La. 2008).  In *Hecker*, Judge Berrigan dismissed claims made against the Supreme Court and others by Joseph Hecker, a Louisiana attorney who represented Mr. O'Dwyer in Mr. O'Dwyer's civil rights action against the Supreme Court. Mr. Hecker alleged that as a result of his involvement in Mr. O'Dwyer's case, the Supreme Court violated numerous state and federal statutes by "conspiring" to file a disciplinary complaint against Mr. Hecker.  Judge Berrigan dismissed Mr. Hecker's claims against the Supreme Court, citing the Eleventh Amendment protections available to the Supreme Court as an arm of the State.  2009 WL 4642014, at *2.

In *Price v. Supreme Court of La.*, Judge Berrigan dismissed the plaintiff's claims against the Supreme Court and the Supreme Court Committee on Bar Admissions on the grounds that they were barred by the *Rooker-Feldman* doctrine and the doctrine of *res judicata*, both threshold jurisdictional issues, without reaching the issue of Eleventh Amendment immunity.  No. 11-1663, 2012 WL 520425, at *3-4 (E.D.La. Feb. 15, 2012). The Fifth Circuit is currently considering Mr. Price's appeal of Judge Berrigan's Order. In *Williams v. La. Supreme Court*, Judge Duval adopted a Magistrate Judge's recommendation that a prisoner's petition for writ of mandamus, in which the prisoner sought to have the federal court direct the Supreme Court to rule on writ applications he filed with the Supreme Court, be dismissed as moot, even though federal courts lack power to issue writs of mandamus directing state courts in the performance of their duties, because the Supreme Court had in fact ruled on those applications. No. 06-8716, 2007 WL

763641, *1 (E.D.La. Mar. 9, 2007). In *Williams*, neither Judge Duval nor Magistrate Judge Chasez reached the issue of Eleventh Amendment immunity, and the Supreme Court did even not file any pleading responsive to Mr. Williams' petition before his petition was dismissed.

As Justice Johnson correctly notes, the Judges of the Eastern District of Louisiana have held on numerous occasions that Louisiana state courts are not juridical bodies capable of being sued. *See, e.g., Griffith v. Louisiana,* 808 F.Supp.2d 926, 933-934 (E.D.La. 2011) (Berrigan, J.) (Orleans Parish Juvenile Court is not a juridical person); *Rutherford v. Louisiana,* No. 10–1987, 2011 WL 692031, at *5 (E.D.La. Feb. 17, 2011) (Twenty-First Judicial District of the State of Louisiana is not a juridical person); *Ormond v. Louisiana,* No. 09–7202, 2010 WL 1837913, at *1 (E.D.La. May 5, 2010) (Vance, J.) (Louisiana Fifth Circuit Court of Appeals is not a juridical person); *Green v. District Attorney Office,* 2009 WL 651132, at *4-5 (Division J of the Orleans Parish Criminal District Court is not a juridical person).[17]

In those cases cited above in which the judges of the Eastern District of Louisiana have dismissed claims against lower Louisiana state courts for lack of juridical capacity, the decisions focused on the fact that the courts are a part of a unified judicial branch, indistinct from the body politic of the State itself. *See, e.g. Griffith*, 808 F. Supp. 2d at 934 ("Louisiana's state courts are created by the Louisiana Constitution as component parts of a unified state system for the exercise of the state's judicial power . . . the [Orleans Parish

---

[17]The Louisiana Third Circuit Court of Appeal has also held that Louisiana state courts are not juridical persons. *See, e.g. Swift v. Juvenile Court,* 2009–1182 (La. App. 3 Cir. 3/3/10); 30 So.3d 1186, *writ denied,* 2010-C-1139 (La. 9/17/10); 45 So.3d 1048; *see also* 2010 WL 786031 (text of opinion) ("We find that the law does not grant a juvenile court the procedural capacity to sue or be sued.").

Juvenile Court] is not a separate entity, but instead, is a part of the greater body of the state government's judicial branch."); *Rutherford*, 2011 WL 692031, at \*5 ("under Louisiana law the 21st Judicial District Court 'is not an entity to which the law attributes personality,' and it, therefore, lacks the capacity to be sued under § 1983."); *Ormond*, 2010 WL 1837913, at \*1 ("[This suit] is barred because the State of Louisiana is immunized from suit by the Eleventh Amendment, and Louisiana state courts are not 'persons' for § 1983 purposes."); *Green v. District Attorney Office*, 2009 WL 651132, at \*4-5 ("the Orleans Parish Criminal District Court is not a separate  entity, but is instead a part of the greater body of the Judicial Branch of Louisiana's state government.").  The Supreme Court attempts to distinguish these cases by arguing that those courts were found to lack juridical capacity because they were trial and appellate courts, and not the Supreme Court, but none of those cases turns on that distinction.

In prior cases before the Eastern District of Louisiana, the Supreme Court itself has argued that it lacks capacity to be sued.  *See, e.g. Green v. La. Supreme Court*, 09-7649 (E.D.La. 2010), R. Doc. 8.  Anthony G. Green, a former security officer at the Supreme Court building, sued the Supreme Court for race discrimination under the Civil Rights Act and alleged that the "Defendant Supreme Court is a governmental subdivision or unit of the State of Louisiana, also named Defendant herein, both of which entities possess the capacity to sue and/or be sued."  In the fourth defense in its answer, the Supreme Court asserted that "Mr. Green's [employment discrimination] claims are against the Louisiana Supreme Court, a branch of the State of Louisiana, and the State of Louisiana which is not a

14

'person.'").[18]

The Supreme Court has also argued that, as an arm of the State, it is entitled to sovereign immunity. In *Thomas v. Supreme Court of Louisiana*, No. 01-1521 (E.D.La. 2001), the Supreme Court was faced with a Louisiana attorney's application for Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction, seeking to restrain the Supreme Court from enforcing an Order declaring him ineligible to practice law. In moving to dismiss the claims, the Attorney General's Office, through two Assistant Attorneys General, stated in no uncertain terms that the Supreme Court, for purposes of litigation and Eleventh Amendment immunity, is not a distinct entity separate and apart from the State:

> The Supreme Court is a component part of a unified state system for the exercise of the judicial power of the state. To assert that the Louisiana Supreme Court is not the alter ego of the state is simply to deny the meaning of the state statutes that created it. The shield of Eleventh Amendment immunity extends to the Supreme Court of the State of Louisiana.

*Id.,* R. Doc. 7 (Supreme Court's Motion to Dismiss).[19]

In fact, the Supreme Court, in the proposed Complaint in Intervention attached to its Motion to Intervene,[20] has reserved its right to claim immunity under the Eleventh Amendment presumably because it is an arm of the State. Now, the Supreme Court is asking this Court to consider it as an entity separate and apart from the State, an argument

---

[18] On January 1, 2011, Mr. Green and the defendants stipulated to the dismissal of Mr. Green's complaint, explaining that they had reached a settlement of Mr. Green's claims. No. 09-7649, R. Doc. 13. On February 3, 2011, Judge Berrigan dismissed the case with prejudice. R. Doc. 15.

[19] Four days after the Supreme Court's Motion to Dismiss was filed, Mr. Thomas acknowledged in open court that the federal court lacked jurisdiction over the Supreme Court, and Judge Barbier dismissed his claims against the Supreme Court with prejudice. *See* No. 01-1521, R. Doc. 9.

[20] R. Doc. 176-3, at p. 2.

that directly contradicts the arguments made by the Supreme Court many times when it was claiming the benefits of the Eleventh Amendment.

**Fourth**, the Supreme Court argues Justice Johnson conceded the Supreme Court is a "juridical person" when she asked the Court "to stay any actions by the Louisiana Supreme Court in furtherance of its June 13, 2012 Order . . . ."[21] The Court does not agree that Justice Johnson's acknowledgment the Supreme Court has issued an order, and the Supreme Court apparently intends to take action on that order, amounts to an acknowledgment or concession by Justice Johnson that the Supreme Court has juridical capacity.

**Fifth**, counsel for the Supreme Court represents that this Court "recognized" the Supreme Court could intervene at the status conference held on July 19, 2012. As counsel is aware, the Court could not and did not rule on what promised to be a contradictory motion before the matter had been briefed. Instead, the Court ordered that "any pleading by the State of Louisiana and/or the Office of the Attorney General of the State of Louisiana seeking Court approval for the enrollment of counsel or the filing of an intervention on behalf of the State of Louisiana, the Governor of the State of Louisiana, the Supreme Court of Louisiana, or the Justices of the Supreme Court of Louisiana, shall be filed as a **contradictory** motion."[22]

**Sixth**, the Supreme Court argues that it was permitted by the United States Supreme

---

[21] *See* R. Doc. 159 (Justice Johnson and the Chisom Plaintiffs' Motion to Stay).

[22] R. Doc. 165 (emphasis added).

Court to submit an *amicus* brief[23] and that this proves that the Supreme Court has juridical personality. *Amicus curiae* simply means "friend of the court." The Rules of the Supreme Court of the United States do not require an *amicus curiae* to be a "juridical person."[24] The fact that the Supreme Court was allowed to proceed as an *amicus curiae* in one case before the United States Supreme Court is irrelevant to the question now before the Court.

The Court finds that the Supreme Court fails to support its argument that as head of one of the three separate branches of government established by Article 2, Section 1 of the Louisiana Constitution of 1974, it is a juridical person. Nowhere in Article 2, Section 1 of the Louisiana Constitution is the Supreme Court described as a juridical person or granted the capacity to sue and be sued. Likewise, Article 5 of the Louisiana Constitution, which relates to the Judicial Branch, is devoid of any language explicitly describing the Supreme Court as a juridical person. Additionally, while certain state agencies are explicitly granted juridical capacity by state statute,[25] no state statute grants the Supreme Court such status.

This Court notes that counsel for the Supreme Court did not analyze juridical capacity under the test set forth by the Supreme Court in *Roberts*; that is, that "the [juridical capacity] determination that must be made in each particular case is whether the entity can appropriately be regarded as an additional and separate government unit for the

---

[23] *See Caperton v. A.T. Massey Coal Company, Inc.*, 556 U.S. 868, 129 S.Ct. 2252, 173 L.Ed.2d 1208 (2009).

[24] *See* Sup. Ct. R. 37.

[25] *See, e.g.* La. Rev. Stat. Ann. § 33:4720.151 (East Baton Rouge Redevelopment Authority has the power "[t]o sue and be sued and as such to stand in judgment"); La. Rev. Stat. Ann. § 36:201 (State Department of Culture, Recreation and Tourism "shall be a body corporate with the power to sue and be sued"); La. Rev. Stat. Ann. § 37:3273 (Louisiana State Board of Private Security Examiners "shall be a body corporate and may sue or be sued").

particular purpose at issue." 634 So.2d at 346.  It is clear to the Court that under *Roberts*, the Supreme Court lacks the necessary juridical capacity for the particular purpose of intervening as a defendant in this action.  As explained in detail above, the Supreme Court has often availed itself of the argument that it is, for all intents and purposes, the State.  In fact, the Supreme Court's funding comes from the State,[26] the building in which it is housed is owned by the State, and the same Constitution that creates the judicial branch also provides that the Office of the Louisiana Attorney General is responsible for representing all arms of the State, including the Supreme Court.[27]  The *Roberts* analysis does allow the Court the flexibility to find that an entity may lack juridical capacity in one context but possess such capacity in another context.  Accordingly, it is only necessary for the Court to rule on whether the Supreme Court has the capacity to intervene in this case at this time.

## Conclusion

The Court finds that the Supreme Court is not a juridical person, and thus lacks the legal personality required for it to sue, be sued, or intervene in this case.  Because the Supreme Court does not possess juridical personality for the purpose of this suit, its intervention must fail.   As a result, the Supreme Court is not entitled to intervene as a matter of right in this case, nor is it entitled to permissive intervention.[28]

Accordingly, **IT IS ORDERED** that the Motion to Intervene be and hereby is

---

[26] *See* LA. REV. STAT. ANN. § 39:51 (General Appropriation Bill); *see also 2011 Annual Report*, LOUISIANA SUPREME COURT, *available at* http://www.lasc.org; *Louisiana*, NATIONAL CENTER FOR STATE COURTS, http://www.ncsc.org/ (last visited August 6, 2012).

[27] *See* LA. CONST. Art. IV, § 8.

[28] The Supreme Court's motion to intervene does not request permissive intervention under Federal Rule of Civil Procedure 24(b), but even if it did, the Court would not grant the Supreme Court, an entity lacking juridical capacity and indistinct from the State, an entity already a party in this case, permission to intervene as the "Supreme Court."

**DENIED**.

**IT IS FURTHER ORDERED** that the Supreme Court of the State of Louisiana's Motion for Leave to File Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b) and Memorandum in Support with Exhibits "A" through "E," and Notice of Submission,[29] be and is hereby **DENIED.**

**IT IS FURTHER ORDERED** that the Supreme Court of the State of Louisiana's "Motion for Leave to File Memorandum in Opposition to Plaintiffs' and Plaintiff-Intervenor's Motions [R. 137, 146 and 159]"[30] be and hereby is **DENIED.**

**IT IS FURTHER ORDERED** that the deadline for the State to file any memorandum in opposition to the plaintiffs' or plaintiff-intervenors' pending motions, which had been 5:00 p.m. CST on August 6, 2012 pursuant to this Court's July 23, 2012 Order,[31] be and hereby is **EXTENDED** until **5:00 p.m. CST on August 8, 2012.**

**IT IS FURTHER ORDERED** that should the State wish to file any motion pursuant to Rule 12 of the Federal Rules of Civil Procedure, such a motion shall be filed no later than **5:00 p.m. CST on August 8, 2012.**

**IT IS FURTHER ORDERED** that the deadline for plaintiffs or plaintiff-intervenors to reply to timely filed oppositions, which had been 5:00 p.m. CST on August 13, 2012 pursuant to this Court's July 23, 2012 Order, be and hereby is **EXTENDED to 5:00 p.m. CST on August 15, 2012.**

**IT IS FURTHER ORDERED** that, should the State file a motion pursuant to Rule

---

[29] R. Doc. 184.

[30] R. Doc. 186.

[31] R. Doc. 166.

12 of the Federal Rules of Civil Procedure by the August 8, 2012 deadline, the deadline for plaintiffs or plaintiff-intervenors to file an opposition to a Rule 12 Motion filed by the State is **5:00 p.m. CST on August 15, 2012.**

      **IT IS FURTHER ORDERED** that oral argument will be held on all motions currently pending in this matter, as well as any Rule 12 Motion filed by the State, on **August 16, 2012 at 10:00 a.m.**

      **New Orleans, Louisiana, this __6th__ day of August, 2012.**

 

                                        **SUSIE MORGAN**
                             **UNITED STATES DISTRICT JUDGE**

Clerk to Notify:

Elizabeth Murrill
Merietta Norton
Steve Hawkland

20