## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RONALD CHISOM, ET AL.,**<br>　　　**Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **NO.  86-4075** |
| **STATE OF LOUISIANA, EX REL,**<br>**JEFF LANDRY, ET AL.,**<br>　　　**Defendants** | **SECTION: "E" (1)** |

### ORDER AND REASONS

Before the Court is an Ex Parte Motion to Dissolve Consent Decree Pursuant to Federal Rule of Civil Procedure 60(b)(5) and a Request for an Indicative Ruling Pursuant to Rule 62.1, filed by Plaintiffs Ronald Chisom, Marie Bookman, and the Urban League of Louisiana, and Plaintiff-Intervenor former Louisiana Supreme Court Justice Bernette J. Johnson (collectively, the "Movants").[1]

### BACKGROUND

In 1986, several plaintiffs sued the State of Louisiana under Section 2 of the Voting Rights Act,[2] challenging the method of electing justices to the Louisiana Supreme Court.[3] In 1988, the United States intervened as a plaintiff.[4] In 1997, former Louisiana Supreme Court Justice Bernette J. Johnson intervened as a plaintiff.[5]

In 1992, the parties entered a Consent Judgment that required Louisiana to reapportion the Supreme Court districts to include one district that encompasses Orleans Parish and is majority Black in voting-age population, thereby establishing an electoral method to provide Black voters in Orleans Parish an equal opportunity to elect a

---

[1] R. Doc. 357.
[2] 52 U.S.C. § 10301.
[3] Complaint, R. Doc. 1.
[4] Order on Mot. to Intervene, R. Doc. 58.
[5] Order on Mot. to Intervene, R. Doc. 130.

candidate of choice.[6] In 1997, the parties filed a joint motion to amend the Consent Decree to incorporate the reapportionment plan adopted by the Louisiana Legislature that year.[7]

On December 2, 2021, the Attorney General of the State of Louisiana (the "Attorney General") moved this Court to Dissolve the Consent Decree pursuant to Rule 60(b)(5).[8] On May 24, 2022, the Court issued an order and reasons (the "May 24 Order and Reasons"), denying the Attorney General's motion and finding that the State had not met its burden of demonstrating that, if the Consent Decree were dissolved, the State would maintain a district that provided Black voters in Orleans Parish an equal opportunity to elect candidates of choice to the Supreme Court, or, alternatively, that continued enforcement of the Consent Decree was inequitable.[9] The Attorney General appealed.[10] On appeal, the majority of a three-judge Fifth Circuit panel affirmed this Court's denial of the motion to dissolve the Consent Decree.[11] The Fifth Circuit vacated that decision and granted rehearing *en banc*,[12] which is scheduled for oral argument on May 16, 2024.[13]

Under the Consent Decree, the Legislature retains the authority to redraw the Supreme Court Districts following a decennial census, provided such changes are non-dilutive for Black voters in Orleans Parish.[14] On May 1, 2024, Louisiana enacted into law Act 7, which redraws the Supreme Court districts for the first time since 1997.[15] On May 10, 2024 the Movants filed the instant motion, requesting that this Court issue "an

---

[6] Consent Judgment, R. Doc. 120. A copy of the Consent Judgment may be found at R. Doc. 257-4.
[7] Jt. Mot. To Am. Consent Judgment, R. Doc. 135.
[8] Attorney General's Motion to Dissolve Consent Decree, R. Doc. 257.
[9] May 24, 2022 Order and Reasons, R. Doc. 324.
[10] Attorney General's Appeal of the May 24 Order and Reasons, R. Doc. 325.
[11] *Chisom v. Louisiana ex rel. Landry*, 85 F.4th 288 (5th Cir. 2023).
[12] *Chisom v. Louisiana ex rel. Landry*, 22-30320, 2024 WL 323496 (Jan. 29, 2024).
[13] R. Doc. 198 (22-30320).
[14] *See* Joint Motion to Amend Consent Decree, R. Doc. 135 (amending Consent Decree to reflect incorporation of Act No. 776, 1997 La. Acts 1265 § 101.1(e)).
[15] *See* Act 7, R. Doc. 357-2 (Senate Bill 255, 2024 Leg., Reg. Sess. (La. 2024)).

indicative ruling stating that it would grant Movants' Rule 60(b)(5) Motion to Dissolve the Consent Decree" if the Fifth Circuit remanded the case for that purpose.[16] Movants contend Act 7 "preserves an Orleans Parish-based district that is majority-Black in voting-age population, . . . [and which] provides Black voters in Orleans Parish an equal opportunity to elect candidates of choice to the Louisiana Supreme Court."[17] Thus, the Movants argue, "Act 7 represents a significant change in circumstance, warranting dissolution of the Consent Decree under Rule 60(b)(5)."[18] Intervenor Plaintiff the United States supports the Movants' motion.[19] The Defendant Attorney General takes no position on it.[20]

## LAW AND ANALYSIS

### I.    Rule 62.1 applies in this case.

Ordinarily, this Court would have no jurisdiction to consider a motion for relief from the May 24 Order and Reasons under Rule 60(b)(5) given the pending appeal before the Fifth Circuit,[21] as "district courts are divested of jurisdiction upon the timely filing of an appeal."[22] However, district courts maintain jurisdiction to entertain motions filed under Rule 62.1.[23]

Rule 62.1 provides:

---

[16] R. Doc. 357-1 at p. 3 (citing FED. R. CIV. P. 60(b)(5), 62.1).

[17] *Id.* (citing Act 7; Enrolled Senate Bill 255, R. Doc. 357-3).

[18] *Id.*

[19] *Id.* at p. 1.

[20] *Id.*

[21] Once the notice of appeal has been filed, while the district court may consider or deny a Rule 60(b) motion (filed more than ten days after entry of the judgment), it no longer has jurisdiction to grant such a motion while the appeal is pending. *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 329 (5th Cir. 2004) (citing *Winchester v. United States Atty. for S.D. of Tex.*, 68 F.3d 947, 949 (5th Cir.1995)). "'When the district court is inclined to grant the 60(b) motion, . . . then it is necessary to obtain the leave of the court of appeals. Without obtaining leave, the district court is without jurisdiction, and cannot grant the motion.'" *Winchester*, 68 F.3d at 949 (quoting *Travelers Inc. Co. v. Liljeberg Enters. Inc.*, 38 F.3d 1404, 1407 n.3 (5th Cir. 1994)).

[22] *S.B. by and through S.B. v. Jefferson Par. Public Sch. System*, 21-217, 2023 WL 4105663, at *2 (E.D. La. June 21, 2023) (citing *Moore v. Tangipahoa Par. Sch. Bd.*, 836 F.3d 503, 504 (5th Cir. 2016)).

[23] FED. R. CIV. P. 62.1(a)(1)-(3).

> If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
> > (1) defer considering the motion;
> > (2) deny the motion; or
> > (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.[24]

Thus, although this Court may not grant the Rule 60(b) motion while the appeal is pending, the Court retains jurisdiction to consider the Rule 62.1 motion for an indicative ruling. "If the district court states that it would grant the motion or that it raises a substantial issue, the movant must notify the appellate court, which has the option of remanding the motion to the district court for decision."[25]

## II. On remand, the Court would find the Movants have raised substantial issues with respect to whether the Motion to Dissolve the Consent Decree under Federal Rule of Civil Procedure 60(b)(5) should be granted.

In this case, the Movants have filed a Rule 60(b)(5) motion, which allows for relief when "the judgment . . . is based on an earlier judgment that has been reversed or vacated."[26] Rule 60(b)(5) also allows a party to "obtain relief from a judgment or order if, among other things, 'applying [the judgment or order] prospectively is no longer equitable.'"[27]

Rule 60(b)(5) provides:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons . . . .

---

[24] *Id.*

[25] *S.B.*, 2023 WL 41055663, at *2 (citing Fed. R. Civ. P. 62.1(b) & (c)).

[26] R. Doc. 157.

[27] *Horne v. Flores*, 557 U.S. 433, 447 (2009) (quoting Fed. R. Civ. P. 60(b)(5)).

> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable . . . .[28]

"The party seeking relief [under Rule 60(b)(5)] bears the burden of establishing that changed circumstances warrant relief."[29] However, because injunctions in institutional reform cases "remain in force for many years" and "the passage of time frequently brings about changed circumstances," the Supreme Court has instructed courts to embrace a "flexible approach" to Rule 60(5) motions.[30] While Rule 60(b)(5) cannot be used to challenge the legal conclusions on which a prior judgment or order rests, "the Rule provides a means by which a party can ask a court to modify or vacate a judgment or order if 'a significant change either in factual conditions or in law' renders continued enforcement 'detrimental to the public interest.'"[31]

The Movants argue that changes reflected in Act 7 affect the Court's reasoning in the May 24 Order and Reasons. Specifically, Movants contend Act 7 establishes that the State of Louisiana "has now 'shown there will continue to be a Black opportunity district in Orleans Parish in the future.'"[32] Movants further argue that voting patterns in recent elections demonstrate "this district will provide Black voters in Orleans Parish an equal opportunity to participate in the political process and elect candidates of choice to the Louisiana Supreme Court."[33] Thus, Movants urge the Court to issue an indicative ruling stating that the Court would, on remand, dissolve the Consent Decree pursuant to Rule 60(b)(5) given the recent enactment of Act 7, which "both (i) adequately protects the rights of Black voters in an Orleans Parish-based district, and (ii) demonstrates

---

[28] FED. R. CIV. P. 60(b)(5).
[29] *Horne*, 557 U.S. at 447.
[30] *Id.* at 448-50.
[31] *Id.* at 447 (quoting *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 384 (1992)).
[32] R. Doc. 357-1 at p. 4 (quoting May 24 Order and Reasons, R. Doc. 324 at p. 15).
[33] *Id.* (citing Enrolled Senate Bill 255, R. Doc. 357-3 at p. 9).

prospective compliance with Section 2 of the Voting Rights Act in that area and with the State's obligations under the Consent Decree."[34]

Although the United States supports the Movants' motion, the Attorney General takes no position.[35] The Court is not able to definitively determine that it would grant the Rule 60(b)(5) motion if the matter is remanded. However, pursuant to Rule 62.1(a)(3), district courts may "state . . . that the motion raises a substantial issue," even if they are not able to determine they would in fact grant the motion if the matter were remanded.[36] Indeed, the Advisory Committee notes on Rule 62.1 counsel that "the district court may prefer to state that the motion raises a substantial issue" when a motion presents "complex issues that require extensive litigation and that may either be mooted or be presented in a different context by decision of the issues raised on appeal."[37] In this case, the Court concludes the Movants have raised substantial issues regarding whether the Attorney General's Motion to Dissolve the Consent Decree[38] should be granted, which the Court will consider if the Fifth Circuit exercises its discretion to remand.

Accordingly;

## **CONCLUSION**

The Court finds this is a proper Rule 62.1 motion for relief from a judgment denying dissolution of the Consent Decree under Rule 60(b)(5). An appeal of the judgment of dismissal has been docketed and is pending.[39]

---

[34] *Id.*
[35] R. Doc. 357 at p. 1.
[36] FED. R. CIV. P. 62.1(a)(3).
[37] FED. R. CIV. P. 62.1 advisory committee's note to 2009 adoption.
[38] R. Doc. 257.
[39] R. Doc. 325.

The Court states that, if remanded, the Court would find this Rule 62.1 motion has raised substantial issues with respect to whether the Movants should be granted relief from the denial of the Motion to Dissolve Consent Decree under Rule 60(b)(5).

The parties shall forthwith notify the Fifth Circuit in accordance with Federal Rule of Appellate Procedure 12.1.[40]

**New Orleans, Louisiana this 14th day of May, 2024.**

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[40] FED. R. APP. P. 12.1.